# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| (I')SLA BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV528 JAR |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has filed a document stating that he has attempted to obtain a certified copy of his prison account statement but that the officials have refused to provide him with one. When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). In this instance, the Court will assess an initial partial filing fee of $1.00.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25,

31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this official capacity action under 42 U.S.C. § 1983 against Shanee Davis, several state and local agencies, and several correctional officers and caseworkers. Plaintiff alleges that in 2006 he had a personal relationship with Davis of some kind. Plaintiff claims that Davis was a correctional officer at the St. Louis County Justice Center, and plaintiff asserts she told him that she was stealing prisoners identities and using the identities to steal their money.

Plaintiff claims that in December 2006 he was injured in a car accident. Plaintiff avers that Davis visited him in the hospital and told him she wanted part of his "settlement money." Plaintiff says he refused and that she threatened to get the money "one way or another."

Plaintiff asserts that on January 1, 2007, Davis threatened to have him "locked up" if he did not give her money.

On January 17, 2007, plaintiff claims, detectives from the St. Louis Domestic Violence Unit interviewed him about domestic assault charges that Davis had filed against him. Plaintiff says this was part of her blackmail scheme. Plaintiff asserts that from January through March 2007 Davis filed three domestic assault charges against him.

Plaintiff says that he was then detained in the St. Louis County Justice Center (the "Justice Center"). Plaintiff alleges that from December 2007 through July 2008 Davis accessed his bank account and removed the entire balance of $4,568. Plaintiff avers that she was able to access his account by using his personal data available to her in her capacity as a correctional officer.

Plaintiff says that he told defendant Fields about the theft but that Fields failed to do anything about it. Plaintiff also says he filed grievances but that the Justice Center did not adequately supervise its employees.

Plaintiff believes that the defendants' actions violated his First Amendment rights because "money is speech."

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not

cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Tyler-Ball, Earvin, Baker, or Fields were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

The complaint is silent as to whether the individual defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom

of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Davis, Tyler-Ball, Earvin, Baker, and Fields for this reason as well.

Plaintiff's claims against the State of Missouri are frivolous because the state is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

Plaintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff filed this

action on March 18, 2013. The majority of plaintiff's allegations include claims arising prior to March 18, 2008. Those claims are all precluded by the statute of limitations.

Plaintiff's post-March 18, 2008, allegations are that Davis continued to remove money from his bank account until July and that plaintiff informed Fields about the alleged theft but Fields failed to address the issue. In addition to the reasons stated above, the Court finds that these allegations fail to state a claim under § 1983 for the following reasons as well.

Defendants First Amendment claims are frivolous. Although the expenditure of money towards a political campaign may be protected under the First Amendment, see Citizens United v. Federal Elections Com'n, 558 U.S. 310 (2010), plaintiff has not alleged that the money in his account was being used for such purpose or that Davis stole the money to prevent him from engaging in protected speech. Consequently, plaintiff has failed to demonstrate that his First Amendment rights have been violated.

The Court also fails to find a constitutional violation in the removal of funds from plaintiff's bank account under any other Amendment to the Constitution of the United States. Plaintiff has not alleged facts that would support a claim for denial of Due Process or for deliberate indifference under the Eighth and Fourteenth Amendments. As a result, the complaint fails to state a cause of action under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of April, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE